UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO: 1:20-CV-00119-MOC-WCM

| | |
|---|---|
| ANGELA SUE LIVELY and husband, ) <br> LOUIS LIVELY, ) <br>                                  ) <br> Plaintiffs, ) <br>                                  ) <br> vs.                              ) <br>                                  ) <br> ROGER LANE REED and              ) <br> REED AND SONS, INC.              ) <br> d/b/a REED'S USED AUTO PARTS/    ) <br> REED'S AUTO PARTS,               ) <br>                                  ) <br> Defendants,                      ) <br>                                  ) | **ORDER** |

**THIS MATTER** is before the Court on Defendant Reed and Sons' ("Reed's Auto") partial motion to dismiss for failure to state a claim upon which relief can be granted, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), and motion for partial judgment on the pleadings, brought pursuant to Federal Rule of Civil Procedure 12(c). Doc. No. 6. As discussed below, the motions are denied at this time but may be reasserted at summary judgment.

## I. BACKGROUND

The following facts are taken from the Amended Complaint and construed in the light most favorable to Plaintiffs Angela and Louis Lively. Reed's Auto is a corporation engaged in the interstate sale and transportation of goods in interstate commerce. Am. Compl. ¶ 6. Defendant Roger Reed was an employee of Reed's Auto, operating within the scope of his employment during the incidents giving rise to this cause of action. Id. ¶¶ 7, 28.

On March 15, 2018, both Angela and Roger were driving along Interstate 26 in Buncombe County, North Carolina. Id. ¶¶ 11–12. Angela and the drivers in front of her came to a stop because

of traffic, but Roger failed to do so and thus hit the back of Angela's car. Id. ¶¶ 13–19. Roger received a citation for failing to reduce speed and for causing a crash. Id. ¶ 20. Angela was injured in the crash, she missed work and incurred lost wages, and her car was damaged. Id. ¶¶ 23–25. Furthermore, because of her injuries, Angela's husband, Louis, lost her consortium. Id. ¶ 81.

Plaintiffs assert Roger was negligent because he: drove into the back of Angela's car; drove in a careless and reckless manner; drove without due caution and circumspection; failed to reduce his speed to avoid the collision; failed to keep proper lookout and to keep his vehicle under proper control; engaged in distracted driving; failed to adhere to the applicable laws, rules, and regulations applicable to driving his vehicle; drove while his abilities or alertness were impaired; failed to watch the road; and "in other ways that will be determined through discovery and at trial." Id. ¶ 21. Plaintiffs also argue Roger is an incompetent or habitually careless or reckless driver. Id. ¶ 74.

Plaintiffs assert that Reed's Auto is liable for Roger's actions under the doctrine of *respondeat superior*. Id. ¶¶ 46–50. They also maintain that Reed's Auto was itself negligent by failing to use reasonable care to hire, qualify, train, supervise and retain Roger. Id. ¶ 44. Specifically, it failed to fully and promptly investigate and report the crash. Id. ¶ 29. Also, it did not provide Roger with appropriate and adequate driver safety training, failed to comply with applicable rules, ignored a pattern of bad driving and crashes, and failed to provide a driver safety policy or manual. Id. ¶¶ 32–36. Moreover, Reed's Auto entrusted Roger with a truck even though it knew he was "incompetent or habitually careless or reckless driver and likely to cause injury to others in operating a motor vehicle." Id. ¶ 74. Plaintiffs allege that the hiring of Roger was negligent regardless of whether he was an independent contractor or employee. Id. ¶ 52.

On March 23, 2020, Plaintiffs filed their Complaint in Superior Court in Buncombe County, North Carolina. Doc. No. 1-2 at 9. On April 30, 2020 Plaintiffs amended their complaint,

seeking recovery based on the following: (1) Roger was negligent in driving; (2) if Roger was an employee, then Reed's Auto is liable his actions under the doctrine of *respondeat superior* and for negligently hiring and supervising Roger; (3) alternatively, if Roger was an independent contractor, Reed's Auto is liable for negligently hiring him; (4) Reed's Auto was negligent in entrusting the vehicle to Roger Reed; and (5) Reed's Auto is responsible for Louis's loss of consortium. Finally, Plaintiffs sought punitive damages from Reed's Auto, asserting the discussed acts and omissions "were done willfully, wantonly, and with a reckless and wanton disregard for its obligations and/or the rights and safety of Plaintiffs and the travelling public." Am. Compl. ¶ 86. On May 15, 2020, Reed's Auto filed a Notice of Removal in accordance with 28 U.S.C. § 1441. Doc. No. 1. Six days later, Reed's Auto answered the complaint, admitting that Roger's actions "were committed within the course and scope of his employment." Answer ¶ 48. Reed's Auto then filed the instant motions, which are now ripe for review.

## II. DISCUSSION

In its motion to dismiss and memorandum of law, Reed's Auto argues that Plaintiffs failed to state a valid basis upon which punitive damages may be awarded under North Carolina General Statute § 1D-15. Specifically, the Amended Complaint (1) fails to allege any aggravating conduct on the part of Roger, and (2) fails to identify any officers, managers, or directors at Reed's Auto who condoned or participated in such aggravating conduct. See Doc. No. 7 at 4. And, "[i]f the Court dismisses Plaintiffs' punitive damages claim, then based upon the admission of Reed's Auto that Roger Reed was an employee," the Court should dismiss the negligent hiring and negligent entrustment claims as "superfluous" with the doctrine of *respondeat superior*. Id. at 17, 19.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. In re Birmingham, 846 F.3d 88, 92 (4th Cir.), as amended (Jan. 20, 2017), cert. denied, 138 S. Ct. 468

3

(2017). To survive such a motion, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 543 (4th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court considers "the complaint in its entirety, as well as documents attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). The Court "must accept as true all of the factual allegations contained in the complaint" and draw "all reasonable inferences" in favor of the non-movant. Id. Even so, factual allegations are insufficient if they rely on "naked assertions" and "unadorned conclusory allegations" that are "devoid of factual enhancement." In re Birmingham, 846 F.3d at 92. And "the Court is not obliged to assume the veracity of the legal conclusions drawn from the facts alleged." Id.

A motion for judgment on the pleadings under Rule 12(c) also "tests only the sufficiency of the complaint." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014). Such a motion "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Id. (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)); see Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc., 932 F.3d 268, 274 (4th Cir. 2019).

Drawing reasonable inferences in favor of Plaintiffs, the Court cannot say at this time that Plaintiffs have failed to raise a plausible claim for relief. Accordingly, the Court will deny Reed's Auto's motions to dismiss and for judgment on the pleadings at this time, allowing it to reassert its contentions after discovery and upon the filing of a summary judgment motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Reed's Auto's motion to dismiss for failure to state a claim upon which relief can be granted and motion for judgment on the pleadings, Doc. No. 6, are **DENIED** at this time. Reed's Auto may reassert its contentions after discovery and upon the filling of summary judgment motions.

Signed: August 10, 2020

Max O. Cogburn Jr
United States District Judge