IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 119 MOC WCM

| | |
|---|---|
| ANGELA SUE LIVELY and ) <br> LOUIS LIVELY ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROGER LANE REED and ) <br> REED AND SONS, INC., *d/b/a* ) <br> *Reed's Used Auto Parts/Reed's Auto Parts* ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

This matter is before the Court on Plaintiffs' Motion to Compel (Doc. 17) and Defendants' Motion for Protective Order (Doc. 20).

I. Background

These Motions pertain to surveillance materials Defendants have assembled, which consist of video footage depicting Ms. Lively and still images from that footage (the "Visual Surveillance") as well as "investigative reports regarding the visual surveillance and regarding the Plaintiffs" (see Doc. 20 at 1, the "Reports").

In an Order entered on February 1, 2021 ("February 1 Order"), the undersigned directed Defendants to produce the Visual Surveillance to Plaintiffs no later than seven (7) days following their depositions. Doc. 26.

1

Additionally, Defendants were directed to submit a copy of the Reports to the Court for an *in camera review*. Id.

Defendants subsequently provided the following information, which the undersigned has reviewed: 1) a report concerning the surveillance of Ms. Lively (the "Surveillance Report"); 2) an "Internet Presence Review & Background Investigation" of Mr. Lively; and 3) an "Internet Presence Review & Background Investigation" of Ms. Lively.

## II. Legal Standards

The applicable legal standards are described in the February 1 Order and are not repeated here.

## III. Discussion

Defendants make two arguments regarding these materials.

First, Defendants argue that Plaintiffs are precluded from seeking production of the Reports since Plaintiffs failed to raise the issue during a discovery conference on November 6, 2020. The undersigned, however, is not persuaded that the remaining portions of the current Motions should be decided on that basis, particularly as the question of production of at least the Surveillance Report is closely related to the parties' prior dispute regarding production of the Visual Surveillance.

Second, and more substantively, Defendants assert that the Reports constitute opinion work product that is protected from disclosure. Defendants

2

argue that the Reports contain "the mental impressions, conclusions, and opinions of Defendant's representatives," and that, presumably at least as to the Surveillance Report, the document "summarizes and explains the investigator's opinions and conclusions about what the visual surveillance depicts." Doc 21 at 18-19.

In response, Plaintiffs contend that work product protection should not extend to a private investigator's observations and further note that they have no way of knowing whether the Reports contain the mental impressions, conclusions, and opinions of defense counsel.

Work product is defined as "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." FRCP 26(b)(3)(A). It is divided into two categories: fact work product and opinion work product. In re Grand Jury Proceedings, 33 F.3d 342, 348 (4th Cir.1994). Opinion work product includes the mental impressions, conclusions, opinions, and legal theories of a party's attorney. Id. Fact work product encompasses such things as statements, interviews, chronologies, and correspondence. Id.; see also In re John Doe, 662 F.2d 1073, 1076 (4th Cir.1981) (defining fact work product). Opinion work product is heavily protected and "can be discovered only in very rare and extraordinary circumstances." In re Allen, 106 F.3d 582, 607 (4th Cir.1997)

3

(quoting In re Grand Jury Proceedings, 33 F.3d at 348). Fact work product may be subject to production if it is otherwise discoverable under Rule 26(b)(1) and the party seeking the fact work product shows a substantial need for the material and an inability to secure its substantial equivalent by alternate means without undue hardship. Id.; Fed.R.Civ.P. 26(b)(3)(A).

In this case, the Reports are "documents and tangible things" that were prepared in connection with this specific matter by one or more investigators retained by Defendants' counsel.

While Plaintiffs contend that the work product doctrine should not apply to a private investigator's information, they have not provided authorities to support this position. Further, Rule 26(b)(3)(A) specifically references documents and tangible things that are prepared by an opposing party's representative or agent, including that party's consultant, and other courts have applied work product protection to private investigators' reports. Costabile v. Westchester, New York, 254 F.R.D. 160, 164 (S.D.N.Y. 2008) (explaining that "[a]gents include those who are enlisted by legal counsel to perform investigative or analytical tasks to aid counsel in preparing for litigation," and finding, following *in camera* review, that a private investigator's report was a document prepared in anticipation of litigation and therefore subject to work product protection); Gutshall v. New Prime, Inc., 196 F.R.D. 43, 46 (W.D.Va. July 19, 2000) ("New Prime prepared, or commissioned

4

the preparation of, the surveillance materials in anticipation of trial in this case. Consequently, those materials constitute 'work product' that New Prime ordinarily would not be compelled to produce"); see also Southern Scrap Metal Co. v. Fleming, Civ.A. 01–2554, 2003 WL 21474516, at *6 (E.D. La. June 18, 2003) ("The [work product] doctrine protects not only materials prepared by a party, but also materials prepared by a co-party, or representative of a party, including attorneys, consultants, agents, or investigators"); accord United States v. Nobles, 422 U.S. 225, 238-239, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141 (1975) ("[A]ttorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial ... [and] the doctrine protect[s] material prepared by agents for the attorney as well as those prepared by the attorney himself").

The undersigned therefore concludes that the Reports are appropriately considered to be work product.[1]

---

[1] Because the undersigned finds, as discussed below, that Plaintiffs have not established that the Reports should be produced, it is not necessary to consider whether the Reports should be deemed to contain fact work product, opinion work product, or some combination of the two. See Bridges v. City of Charlotte, Civil Action No. 3:16-CV-564-GCM, 2017 WL 5715986 at *2 (W.D.N.C. Nov. 28, 2017) (explaining that "[f]act work product is a transaction of the factual events involved, while opinion work product represents the actual thoughts and impressions of the attorney" and noting that all parties conceded that attorney notes taken during interviews with witnesses, discussions with the client, and during the trial qualified as opinion work product)(internal quotations omitted); United States v. Berkeley Heartlab, Inc., Civil Action No. 9:14-cv-00230-RMG, 2017 WL 1533434 at *4 (D.S.C. April 27, 2017) (characterizing fact work product as that which has "not been sharply focused or weeded by an attorney").

The next question becomes whether the Reports should be produced to Plaintiffs. Pursuant to Rule 26, such materials may be discovered, notwithstanding their designation as work product, if (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party seeking the documents shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Rule 26(b)(3)(A); Hugler v. Bat Masonry Company, Inc., No. 6:15-cv-28, 2017 WL 1207847 at *4 (W.D. Va. March 31, 2017) (If the document is otherwise discoverable, was prepared in anticipation of litigation, and was prepared by or for a party to the lawsuit or by or for that party's representative, "it is discoverable only if the requesting party shows that 'it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means'") (citing Fed. R. Civ. P. 26(b)(3)(A)(ii); Adair v. EQT Prod. Co., 294 F.R.D. 1, 3-4 (W.D. Va. 2013)).

Assuming that the Reports are "otherwise discoverable" pursuant to Rule 26(b)(1), the undersigned is not persuaded that Plaintiffs have shown a substantial need for the Reports, or that Plaintiffs cannot obtain the substantial equivalent of the Reports through other means. In particular, the undersigned has previously ordered that the Visual Surveillance be produced to Plaintiffs following their depositions. Doc. 26. Further, Plaintiffs may discover facts known to the investigators, as well as the methods used by the

6

Case 1:20-cv-00119-MOC-WCM Document 29 Filed 02/19/21 Page 6 of 8

investigators. See In re Zetia (Ezetimibe) Antitrust Litigation, MDL No. 2:18md2836, 2019 WL 6122012 at *3 (E.D. Va. July 16, 2019) (work product protection does not protect the "disclosure of the underlying facts by those who communicated with the attorney") (citing Upjohn Co. v. United States, 449 U.S. 383, 395, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)); Bear Republic Brewing Co. v. Central City Brewing Co., 275 F.R.D. 43, 45-46 (D. Mass. 2011) (answering question of whether plaintiff could depose investigator in a trademark and trade dress infringement action "manifestly in the affirmative" and stating that plaintiff was "entitled to discover the facts which were learned by the investigator during the course of his investigation" but, under work product privilege (and absent waiver), not documents or other tangible things that investigator prepared in anticipation of litigation); Papadakis v. CSX Transportation, Inc., 233 F.R.D. 227, 229 (D. Mass. Jan. 10, 2006) ("the court will further order Defendant to forthwith inform Plaintiff of the names and addresses of the investigators so that Plaintiff, if he wishes, can take their depositions (provided that the reports themselves need not be produced unless the court otherwise orders)"); Lexalt v. McClatchy, 116 F.R.D. 438, 442 (D. Nev. 1987) (investigators hired by defendants could be deposed and were required to "answer questions which seek to discover all relevant facts in the case, regardless of whether those facts were discovered in their roles as defendants' investigators, or before those employment relationships were created").

Such discovery efforts, however, should seek only the investigators' factual knowledge; for example, questions directed to an investigator during a deposition should be "carefully tailor[ed]…so as to elicit specific factual material and avoid broad based inquiries…which could lead to the disclosure of trial strategies." Bear Republic, 275 F.R.D. at 45 (internal citations omitted).

**IT IS THEREFORE ORDERED** that:

1. To the extent Plaintiffs' Motion to Compel (Doc. 17) seeks to compel production of the Reports, that Motion is **DENIED**.

2. To the extent Defendants' Motion for Protective Order (Doc. 20) seeks an order protecting the Reports from production, that Motion is **GRANTED**.

Signed: February 19, 2021

W. Carleton Metcalf
United States Magistrate Judge