IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 119 MOC WCM

| | | |
|---|---|---|
| ANGELA SUE LIVELY and | ) | |
| LOUIS LIVELY | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| ROGER LANE REED and | ) | |
| REED AND SONS, INC., *d/b/a* | ) | |
| *Reed's Used Auto Parts/Reed's Auto Parts* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the following:

1. Plaintiffs' Motion to Amend Pretrial Order and Case Management Plan (the "Motion to Amend," Doc. 32);

2. Plaintiffs' Motion for Physical Examination (the "Motion for IME," Doc. 34);

3. Plaintiffs' Omnibus Discovery Motion (the "Omnibus Motion," Doc. 44); and

4. Defendants' Motion to Compel (the "Motion to Compel," Doc. 47).

The Motions are fully briefed and a hearing on the Motions was conducted on July 14, 2021.

## I.    Relevant Background

This case revolves around a motor vehicle accident that occurred on March 15, 2018 in which a vehicle operated by Angela Sue Lively was struck

from behind on Interstate 26 by a Chevrolet truck owned by Defendant Reed and Sons, Inc., d/b/a Reed's Used Auto Parts/Reed's Auto Parts ("Reed and Sons") and operated by Defendant Robert Lane Reed.

On March 23, 2020, Ms. Lively and her husband, Louis Lively (collectively "Plaintiffs"), filed a complaint in the Superior Court of Buncombe County, North Carolina. Doc. 1-2. The matter was removed to this Court on May 15, 2020. Doc. 1.

The District Court denied a Motion to Dismiss/Motion for Partial Judgment on the Pleadings by Reed and Sons on August 10, 2020 (Doc. 13) and a Pretrial Order and Case Management Plan (the "Pretrial Order") was entered on August 28, 2020. Doc. 15. Pursuant to the Pretrial Order, the period of court-enforceable discovery was to conclude by June 7, 2021 and dispositive motions were to be filed by July 6, 2021, with trial being set for December 6, 2021.

After discovery was underway, certain discovery disputes arose. See Docs. 17 & 20 (pertaining to production of visual surveillance and surveillance reports); Doc. 24 (pertaining to Defendants' insurance coverage). The parties were unable to resolve those disputes themselves, both before and after informal conferences with the undersigned. Consequently, those matters were the subject of formal motions practice and rulings by the Court, the last of which was entered on March 29, 2021. Doc. 30.

Nearly two months later—on May 28, 2021—and ten days before the close of the discovery period, Plaintiffs filed the Motion to Amend, which requested that the deadlines to complete discovery and file dispositive motions be extended by ninety (90) days based on several new anticipated discovery disputes. Doc. 32.

On June 4, 2021, Plaintiffs filed the Motion for IME. Doc. 34.

On June 8, 2021, the parties were directed to confer in good faith regarding any remaining discovery disputes, including the Motion for IME, and to file a joint memorandum briefly describing their positions by noon on June 14. Doc. 36. A status conference was scheduled for June 15, 2021.

The parties filed a joint memorandum on June 14, 2021, Doc. 38, and the undersigned conducted a lengthy status conference with counsel the following day. As numerous issues remained following the conference, the undersigned set a briefing schedule and a hearing date to resolve any outstanding discovery disputes. Specifically, each side was granted leave to file an omnibus motion addressing the discovery disputes raised in the joint memorandum (to the extent the parties were not able to resolve them); responses to any such

motions were to be filed by June 30 and replies (if any) were to be filed on or before July 7. See Doc. 39.[1]

On June 23, 2021, Plaintiffs filed their Omnibus Motion and a Motion for Sanctions, and Defendants filed their Motion to Compel.

Ultimately, the parties submitted over 700 pages of briefing and exhibits in relation to these three (3) motions and Plaintiffs' Motion for IME (and not counting Plaintiffs' Motion to Amend).

On July 14, 2021, the undersigned heard oral argument over the course of several hours with regard to the pending motions. At the conclusion of that hearing, the undersigned ruled orally on certain matters and took others under advisement.

This Order memorializes the rulings made on July 14, 2021 and addresses the remaining issues, except for Plaintiffs' Motion for Sanctions (Doc. 42), which will be addressed in a separate Memorandum and Recommendation.

## II.   The Motion for IME

In the Motion for IME, Plaintiffs seek an order requiring the individual defendant, Roger Reed, to appear for an independent eye exam and vision test.

---

[1] Additionally, Plaintiffs were granted leave to file a separate motion addressing "Issue 4: Improper Issuance of a Subpoena under Rule 45" as set out in the joint memorandum. That issue now forms the basis of the Motion for Sanctions. Doc. 39; see also Doc. 42.

Doc. 34. Plaintiffs argue that Mr. Reed's vision is at issue because he testified that he saw Ms. Lively's vehicle hit the car in front of her before Mr. Reed's truck struck Ms. Lively's vehicle from behind, and that there is a factual dispute as to whether Mr. Reed was wearing corrective lenses at the time of the accident.

Although Mr. Reed's uncorrected vision on the date of the accident could be relevant if the jury were to believe that he was not wearing corrective lenses when the wreck occurred, the proposed IME would show only Mr. Reed's vision now, and not his vision on the date of the accident.

Accordingly, on the current record, Plaintiffs have not shown a sufficient basis for requiring Mr. Reed to appear for an independent eye exam and vision test. See E.E.O.C. v. Maha Prabhu, Inc., No. 3:07–cv–111–RJC, 2008 WL 2559417, at *2 (W.D.N.C. June 23, 2008) ("Unlike other tools of discovery, physical and mental examinations require more than a showing of mere relevance") (citing Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964); Guilford Nat'l Bank of Greensboro v. S. Ry. Co., 297 F.2d 921, 923–24 (4th Cir. 1962) ("Under Rule 35, the invasion of the individual's privacy by a physical or mental examination is so serious that a strict standard of good cause, supervised by the district courts, is manifestly appropriate")).

5

### III. Plaintiffs' Omnibus Motion

Plaintiffs' Omnibus Motion raises four issues. First, Plaintiffs seek an order compelling Reed and Sons to produce financial documents that Plaintiffs contend are relevant to their claim for punitive damages. Second, Plaintiffs request an extension of their deadline to designate a rebuttal expert. Third, Plaintiffs assert that Defendants materially altered the truck Mr. Reed was driving on the date of the accident and request spoliation sanctions in the form of both additional discovery and an adverse inference jury instruction. Finally, Plaintiffs argue that the corporate representatives of Reed and Sons were inadequately prepared for their depositions pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and ask the Court either to require Reed and Sons to appear for another corporate deposition or, alternatively, instruct the jury adversely with respect to topics for which the corporate representatives were unable to provide corporate knowledge.

#### A. Corporate Financial Information

Plaintiffs' request for production of Reed and Sons, Inc.'s financial documents is granted in part and denied in part.

During the hearing, defense counsel stated that Reed and Sons had gathered certain categories of financial documents. Having considered that information as well as Plaintiffs' request for historical data, Reed and Sons will be directed to produce: (1) documents showing monthly revenues from January

6

2017 to the present; (2) tax returns from 2017 through the present; (3) supporting documents showing expenses from January 2017 through the present; and (4) any other documents indicating Reed and Sons' current financial condition. These documents are to be produced within ten (10) days of the earlier of (a) a ruling in Plaintiffs' favor on a Motion for Summary Judgment on the issue of punitive damages or (b) expiration of the motions deadline in the event no motion for summary judgment on the issue of punitive damages is filed.

While this information is relevant to Plaintiffs' claim for punitive damages, federal courts in North Carolina have allowed defendants to delay the disclosure of this type of information, and the undersigned is persuaded that such handling is appropriate in this case. See Water Out Drying Corp. v. Allen, 3:05-cv-353m 2006 WL 1642215, at *1 (W.D.N.C. June 7, 2006); Small v. WellDyne, Inc., No. 5:16-cv-62-BO, 2017 WL 2484181, at *9 (E.D.N.C. June 8, 2017); Taylor v. McGill Environmental Systems of N.C., Inc., No. 7:13-cv-270-D, 2015 WL 1125108, at *8 (E.D.N.C. March 12, 2015); Moore v. DAN Holdings, Inc., No. 1:12cv503, 2013 WL 1833557, at *15 (M.D.N.C. April 30, 2013).

## B. Possible Rebuttal Expert

Plaintiffs' request to extend the deadline to designate a rebuttal expert is denied without prejudice as premature. As discussed during the July 14,

2021 hearing, it is not clear at this time whether Plaintiffs will even wish to designate a rebuttal expert.

## C. Alleged Spoliation

Plaintiffs' request for additional discovery due to alleged spoliation – specifically a second inspection of Reed and Sons' truck and additional depositions to determine the modifications made to that vehicle – is denied as, on the current record, the undersigned is not convinced that spoliation has occurred (through the loss of material evidence) or that additional discovery is warranted on these issues. See Teague v. Target Corporation, No. 3:06cv191, 2007 WL 1041191, at *2 (W.D.N.C. April 4, 2007) ("While courts have broad discretion to sanction a party for spoliation, 'the applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine'") (quoting Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir.2001)).

To the extent that Plaintiffs request a negative-inference jury instruction, as explained during the July 14, 2021 hearing, such request is denied without prejudice. The consideration of jury instructions is a matter for the trial court, and Plaintiffs are free to renew their request before the presiding District Judge at the appropriate time if they so choose. See Equal Employment Opportunity Commission v. Womble Carlye Sandridge & Rice, LLP, No. 1:13cv46, 2014 WL 37860, at *5 (M.D.N.C. Jan. 6, 2014) ("any

determination as to the necessity or propriety of such instruction should be deferred to the trial judge for consideration at the appropriate time").

### D. Testimony of Corporate Designees

Plaintiffs' request for an additional 30(b)(6) deposition of Reed and Sons is denied. The undersigned has carefully reviewed the excerpts from the depositions submitted in relation to Plaintiffs' Omnibus Motion. Although Debbie Reed and Roger Reed did make certain qualifying statements when testifying on behalf of Reed and Sons, based on the overall record, it is not apparent that the corporate representatives were inadequately prepared such that remedial action is now required.

To the extent Plaintiffs alternatively request an adverse jury instruction, that request is denied without prejudice.

## IV. Defendants' Motion to Compel

### A. HIPAA Authorization

Defendants' Motion to Compel (Doc. 47) is granted in part, and Ms. Lively is directed to execute a HIPAA authorization related to the March 1, 2021 subpoena issued to Simon Med Lake Mary II (the "Subpoena," Doc. 48-2).

Although the undersigned is not convinced that court involvement should have been necessary as to this issue, and further notes that Defendants did not move to enforce the Subpoena against Simon Med, as it appears that Ms. Lively has not timely objected to the production of the requested

documents by Simon Med, and in the interest of efficiency, the undersigned will require Ms. Lively to execute a HIPAA authorization. See Jimoh v. Charlotte-Mecklenburg Housing Partnership, No. 3:08–CV–495–RJC–DCK, 2009 WL 4062881 at *2 (W.D.N.C. Nov. 20, 2009); Teague v. Target Corp., No. 3:06cv191-GCM, 2009 WL 3690642 (W.D.N.C. Dec. 11, 2006); Shoemake v. Eli Lilly and Company, No. 5:13-cv-13-RLV-DCK, 2014 WL 683765 (W.D.N.C. Feb. 20, 2014).

### B. Additional Responses to Written Discovery

Defendants' Motion to Compel also seeks an order pertaining to Ms. Lively's responses to Defendants' First Request for Admissions, Second Set of Interrogatories, and Fifth Request for Production of Documents.

#### 1. Interrogatories

During the July 14, 2021 hearing, Defendants withdrew their request to compel revised answers to Interrogatories 2 and 4 of Defendants' Second Set of Interrogatories. Accordingly, Defendants' Motion to Compel is moot as to those Interrogatories.

#### 2. Requests for Admission

Defendants contend that Ms. Lively's responses to Requests for Admission 2-5, 12-15, 18-24, 31-37, and 39 are improper, and that the Court should either order Ms. Lively to supplement her responses or, in the alternative, deem these Requests to be admitted. Specifically, Defendants take

issue with Ms. Lively's denial of certain Requests "based upon lack of knowledge or information" and/or her objections that certain Requests call for legal conclusions.

"Requests for admission served pursuant to Rule 36 are designed to narrow the range of issues for trial, and the rule provides that a party may serve any other party with a request for the admission of the truth of any relevant matter that relates to statements, opinions of fact, or the application of law to fact." Opsitnick v. Crumpler, No. 5:13–CV–835–D, 2015 WL 5725514, at *1 (E.D.N.C. Sept. 28, 2015) (citing Fed.R.Civ.P. 36(a)(1); Erie Ins. Prop. & Cas. Co. v. Johnson, 272 F.R.D. 177, 183 (S.D.W.Va.2010) ("'Rule 36(a)'s primary purposes are to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be'") (quoting Frontier–Kemper Constructors, Inc. v. Elk Run Coal Co., 246 F.R.D. 522, 531) (S.D.W.Va.2007) (internal citations omitted))).

The undersigned has closely considered Ms. Lively's responses to the subject Requests. Doc. 48-7 at 2-10.

With respect to Defendants' contention that Ms. Lively has improperly denied certain Requests based on lack of knowledge, Rule 36 specifically allows an answering party to "assert lack of knowledge or information as a reason for failing to admit"; such a response is proper, however, "only if the party states

that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." F.R.C.P. 36(a)(4).

In this case, Ms. Lively denied various Requests "based upon lack of knowledge or information" and stated that her denials were based on her "reasonable inquiry and the information she knows or can readily obtain." See Doc. 48-7. Defendants do not argue with the form of Ms. Lively's responses.

Rather, Defendants contend that these responses are substantively improper because Ms. Lively has refused to admit things she knows to be true, or at least has denied things when there is no evidence to support a denial. In support of this argument, Defendants point to Ms. Lively's answers to Defendants' Second Set of Interrogatories, an affidavit of a state trooper produced by Defendants, and information from Plaintiffs' own expert witness, all as being at odds with Ms. Lively's responses.

Determining whether Ms. Lively has improperly failed to admit certain information, however, is not the proper subject of a discovery motion at this stage of the litigation; the Rules contemplate that such a challenge be brought pursuant to Rule 37(c). See e.g., A & V Fishing, Inc. v. Home Ins. Co., 145 F.R.D. 285, 287 (D. Mass. 1993) ("A & V's argument is that the denial is improper because Home is denying facts which Home knows to be true. This is not a proper ground for a motion to determine the sufficiency of the answers under Rule 36(a), Fed.R.Civ.P. As the Advisory Committee Notes to the 1970

Amendments indicate, the deterrent for false answers lies in Rule 37(c), Fed.R.Civ.P."); <u>Owners Ins. Co. v. Charleston Glass & Mirror, Inc.</u>, No. 2:14-CV-3649-RMG, 2015 WL 13817635, at *1 (D.S.C. July 20, 2015) ("The deterrent for false answers lies in Rule 37(c)(2), not Rule 36(a)(6)"); <u>see also</u> <u>Joseph v. Fratar</u>, 197 F.R.D 20 (D. Mass. 2000) (noting that the Advisory Committee Notes to the 1970 Amendments to Rule 37(c) provide that "Rule 36 does not provide for a pretrial hearing on whether the response is warranted by the evidence thus far accumulated").

Ms. Lively has also objected to certain Requests for Admission on the basis that they call for a "legal conclusion." Defendants contend that such objections are improper, and correctly note that Rule 36(a)(1)(A) provides that a party may serve on another party a request to admit the truth "of any matter within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either." That is, "[i]t is a proper request under Rule 36 to ask a party to apply law to fact." <u>Hurley by Hurley v. Potomac Edison Company</u>, No. 3:07CV14, 2008 WL 11344676, at *4 (N.D. W.Va. May 15, 2008).

Defendants, however, do not seek to compel Ms. Lively's responses to any Request for Admission to which she has objected only based on the Request calling for a legal conclusion; each time Ms. Lively contended that a Request for Admission called for a legal conclusion, she also denied the Request based on lack of knowledge or information. Consequently, even if the undersigned

were to rule on the "legal conclusion" objections now, Ms. Lively's denials based on lack of information and belief would remain. Accordingly, it would be more efficient both for the parties and the Court for these matters to be addressed in the context of any subsequent Rule 37(c)(2) motions, as may be necessary.

Therefore, to the extent Defendants' Motion to Compel challenges the sufficiency of Ms. Lively's responses to the Requests for Admission, the Motion will be denied without prejudice.

### 3. Document Requests

Defendants' Fifth Requests for Production of Documents contain 36 separate requests. Document Requests 1 and 2 seek all documents supporting Plaintiffs' position that a defect, mechanical issue and/or deficiency with the truck operated by Mr. Reed contributed to or was a cause of the accident or that the truck was overloaded, while the remainder of the Document Requests seek documents supporting Ms. Lively's denials, if any, of each of the Requests for Admission. See Doc. 48-7 at 12-21.

In response to each Document Request, Ms. Lively made a general objection that the request was "overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." Ms. Lively further responded, "subject to these objections and without waiving the same," that she "would refer Defendants to the documents previously

14

exchanged between parties as well as those received or to be received in response to subpoenas."

Defendants argue that these responses are deficient, and the information appearing in the parties' briefing as well as presented at the hearing indicates Defendants seek to: (1) compel the production of photographs taken by Plaintiffs' counsel during an inspection of the truck driven by Mr. Reed (the "Inspection Photographs"); and (2) require Ms. Lively to organize and label documents to correspond to the Document Requests.

## a. Inspection Photographs

During the hearing, Plaintiffs' counsel represented that certain Inspection Photographs were provided to Plaintiffs' expert witness and that those Inspection Photographs were subsequently obtained by Defendants through a subpoena for the expert's materials. Consequently, the Inspection Photographs at issue consist of the remaining images that have not been obtained or received by Defendants.

Ms. Lively initially argues that Defendants have not made a formal request for the Inspection Photographs. See Doc. 49 at 23. However, Document Request 1 asked Ms. Lively to produce all documents supporting her position that a defect or mechanical issue with the truck driven by Mr. Reed contributed to or was a cause of the accident. Doc. 48-7 at 12. In an interrogatory, Defendants asked Ms. Lively to identify any such defect or mechanical issue,

15

and, in response to that question, Ms. Lively cited "unsafe" or "worn" conditions of the truck "as evidenced by inspection and photographs." Doc. 48-7 at 10. As Plaintiffs themselves have referenced information concerning the condition of the truck "as evidenced by inspection and photographs," the Inspection Photographs upon which Plaintiffs rely are fairly within the scope of Document Request 1.

Ms. Lively also objects to producing the remaining Inspection Photographs on the ground that doing so would reveal her counsel's thought processes and theories, thereby running afoul of the work product doctrine. See Doc. 49 at 22-27; 28-30. See also Equal Rights Center v. Equity Residential, No. AMD–06–1060, 2008 WL 11363366 (D. Md. June 6, 2008).

The party claiming work-product protection bears the burden of demonstrating that it is applicable. See Solis v. Food Emps. Labor Relations Ass'n, 644 F.3d 221, 232 (4th Cir. 2011). Further, "a counsel's failure to object with specificity to document requests on the basis of privilege or work product protection may waive the privilege." Doe v. Bedford County, Virginia, No. 6:19-cv-00043, 2020 WL 2832226, at *10 (W.D. Va. May 29, 2020) (citing Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005)); cf. Equal Rights Center, 2008 WL 11363366 (photographs, over which counsel claimed work product protection, were included on a privilege log).

16

In responding to the Document Requests, Ms. Lively did not assert a work product objection for the Inspection Photographs, and Defendants argue that Ms. Lively has waived any objection to the production of the Inspection Photographs on this basis.[2]

Plaintiffs claim that all of the Inspection Photographs (other than the ones given to their expert previously) do not need to be produced at this time. However, as noted, in her interrogatory responses, Ms. Lively referenced certain "worn and/or broken or otherwise unsafe springs and the replacement of worn-out hardware both on and under the truck as evidenced by inspection and photographs," and Defendants' Document Requests seek documents supporting Plaintiffs' position that a defect, mechanical issue and/or deficiency with the truck contributed to or was a cause of the accident.

Therefore, to the extent Plaintiffs are relying on Inspection Photographs to support their contention that a mechanical issue and/or deficiency existed, they must produce them.[3] See HealthEdge Software, Inc. v. Sharp Health Plan,

---

[2] Ms. Lively did object to each Document Request as "overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence" but such boilerplate objections "have been declared invalid by several courts." Oppenheimer v. Episcopal Communicators, Inc., No. 1:19-cv-00282-MR, 2020 WL 4732238, at *2 (W.D.N.C. Aug. 14, 2020) (collecting cases); Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 247 (M.D.N.C. 2010).

[3] The undersigned does not find Ms. Lively's argument that her counsel may wait until trial to determine if additional Inspection Photographs should appear on Plaintiffs' exhibit list to be persuasive. Determining what exhibits may be offered at trial is a strategic decision for counsel, with a list of those exhibits being disclosed in advance

19-cv-11020-ADB, 2021 WL 1821358, at *4 (D. Mass. May 6, 2021) (finding that requests for production were "in essence, contention interrogatories").

### b. Production of Other Documents

Through the remaining Requests for Production, Defendants have asked Ms. Lively to provide documents supporting her denials of each of the Requests for Admission.

According to Defendants, these Document Requests are designed to obtain information about certain positions recently taken by Plaintiffs. Specifically, Defendants argue that "Plaintiffs' recent discovery efforts, including depositions, have focused on the allegedly defective and/or deficient condition of the truck operated by Roger Reed in an apparent effort by Plaintiffs to develop evidence of Defendants' negligence. Defendants' Fifth Set of Requests for Production included requests for documents in Plaintiffs' possession supporting their contentions about the truck's condition." Doc 48 at 19.

As noted above, to each of those Document Requests, following a boilerplate objection, Ms. Lively stated that she would "refer Defendants to the

---

of trial pursuant to the Pretrial Order and Case Management Plan. The discovery process, however, requires production of a broader set of materials, regardless of whether all or some of those materials ultimately appear on the parties' exhibit lists.

documents previously exchanged between parties as well as those received or to be received in response to subpoenas."

Defendants' argument with respect to these additional Document Requests is similar to the one they advance concerning Ms. Lively's responses to the Requests for Admission, namely that Plaintiffs have been evasive in responding to discovery and have refused to state what evidence supports their various contentions and theories. Accordingly, Defendants assert that Ms. Lively should be required to produce all documents that support each of her contentions, labeled and categorized by Document Request.

Plaintiffs object, claiming that production of these materials in this manner would violate the work product doctrine because such production would divulge their strategies for the case. See Doc. 49 at 29-30.

In response, Defendants again assert that Ms. Lively waived any work product objection by failing to make such an objection in her discovery responses. Doc. 54 at 11.

Importantly, Plaintiffs have not objected to producing responsive documents. To the contrary, they indicate that responsive documents do exist and may be found among the materials "previously exchanged between parties as well as those received or to be received in response to subpoenas." In other words, Plaintiffs do not object to Defendants receiving the documents but only to the requested organization of those documents by Plaintiffs.

19

A party producing documents or electronically stored information "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories of the request." Fed. R. Civ. P. 34(b)(2)(E)(i).

Here, as the subject Document Requests are styled as Defendants' "Fifth Requests for Production of Documents," Doc. 48-7 at 1, there have presumably been multiple previous requests to which Plaintiffs have responded. Those document requests have not been submitted to the Court and Plaintiffs have not otherwise argued that they have previously responded to the same types of requests concerning Plaintiffs' contentions. Also, Plaintiffs have not taken issue with Defendants' statement that Plaintiffs have recently focused their discovery efforts on attempting to develop evidence regarding the condition of the subject truck.

Plaintiffs, however, have denied the Requests for Admission and provided responses to the Document Requests that are vague and unhelpful – Plaintiffs essentially say that the documents supporting their own contentions exist somewhere in the record or in unnamed discovery that may or may not be received in the future.

Courts have approved the use of "contention" document requests, and Defendants' use of such requests to explore Plaintiffs' theories here is reasonable. See HealthEdge Software, 2021 WL 1821358; Kleppinger v. Texas

Department of Transportation, No. L–10–124, 2012 WL 12893651, at *17 (S.D. Tex. March 4, 2012). As the party resisting discovery, Plaintiffs bear the burden of demonstrating why such discovery should not be produced. Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010).

In the particular circumstances presented here, the undersigned sees no reason to allow Plaintiffs to raise additional potential theories of liability late in the discovery process and claim that documents supporting those contentions exist, but at the same time refuse to identify those materials.

Therefore, to the extent Ms. Lively has responsive documents that have not been produced previously, she must produce those materials in compliance with Rule 34(b)(2)(B) and (b)(2)(E).

Additionally, to the extent Ms. Lively claims that documents previously produced support her contentions regarding the truck, while she does not have to reproduce those documents, she must identify those materials with reasonable particularity so that Defendants will be able to locate them.

Accordingly, Defendants' Motion to Compel production of documents will be granted in part and denied in part.

## V. Motion to Amend

Plaintiffs' Motion to Amend requests that the deadline to complete court enforceable discovery and the deadline to file motions each be extended by ninety (90) days.

Specifically, the current deadlines and proposed deadlines are:

|  | Current | Proposed (Plaintiffs) |
| --- | --- | --- |
| Discovery: | June 7, 2021 | September 5, 2021 |
| Motions: | July 6, 2021[4] | October 5, 2021 |
| Trial: | December 6, 2021 | |

The Court's rulings on the various discovery issues discussed above require Plaintiffs to take additional action, such as executing a HIPAA authorization and producing any additional responsive documents as well as supplemental responses to Defendants' Document Requests. From the information provided, the undersigned also understands that the parties have agreed to conduct voluntary discovery beyond the discovery deadline, and they remain free to do so, within the limitations set by the Pretrial Order.

However, it is not apparent that an additional period of court enforceable discovery is warranted.[5]

---

[4] The undersigned held the July 6, 2021 motions deadline in abeyance pending resolution of the outstanding discovery issues. Doc. 39.

[5] On July 23, 2021, the Court was advised that a new discovery dispute had arisen. A telephone conference was conducted with counsel on July 29, 2021 to discuss that dispute, which involved the production by Defendants' experts of certain copyrighted

A revised dispositive motions deadline, though, must be set. Additionally, it will be necessary to continue the trial date.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiffs' Motion for Physical Examination (Doc. 34) is **DENIED**.

2. Plaintiffs' Omnibus Discovery Motion (Doc. 44) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Reed and Sons, Inc. shall produce: (1) documents showing monthly revenues from January 2017 to present; (2) tax returns from 2017 through present; (3) supporting documents showing expenses from January 2017 through present; and (4) any other documents indicating Reed and Sons, Inc.'s current financial condition within ten (10) days of the earlier of (i) a ruling in Plaintiffs' favor on a Motion for Summary Judgment on the issue of punitive damages or (ii) expiration of the motions deadline in the event no motion for summary judgment on the issue of punitive damages is filed;

   b. Plaintiffs' request to extend the deadline to designate a rebuttal expert is **DENIED WITHOUT PREJUDICE** as premature;

   c. Plaintiffs' request for additional discovery due to alleged spoliation is **DENIED**;

   d. Plaintiffs' request for a negative-inference jury instruction due to alleged spoliation is **DENIED WITHOUT PREJUDICE**;

   e. Plaintiffs' request for an additional 30(b)(6) deposition is **DENIED**; and

   f. Plaintiffs' request for an adverse jury instruction based on Reed and Sons, Inc's deposition testimony is **DENIED WITHOUT PREJUDICE**.

---

materials relied upon by those experts in their reports. Counsel continued to confer regarding the matter and were given a deadline of August 9, 2021 to file motions, as appropriate. As no filings have been made, it appears the parties were able to resolve the matter on their own.

3. Defendants' Motion to Compel (Doc. 47) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Ms. Lively is directed to execute a HIPAA authorization related to the March 1, 2021 subpoena issued to Simon Med Lake Mary II (Doc. 48-2) on or before August 30, 2021;

   b. Defendants' request to compel Plaintiffs' revised responses to Defendants' Second Set of Interrogatories numbers 2 and 4 is **DENIED** as moot;

   c. Defendants' Motion to Compel with respect to Ms. Lively's responses Defendants' First Request for Admissions is **DENIED WITHOUT PREJUDICE**; and

   d. Plaintiffs shall produce, on or before August 30, 2021, copies of any applicable Inspection Photographs and supplemental responses to the Fifth Requests for Production of Documents, as set forth herein.

4. Plaintiffs' Motion to Amend Pretrial Order and Case Management Plan (Doc. 32) is **GRANTED IN PART**, and the following deadlines are **EXTENDED**:

   a. Motions through and including October 5, 2021;

   b. Trial in this matter is **RESET** to the February 7, 2022 trial term; and

   c. All other provisions of the Pretrial Order and Case Management Plan (Doc. 15) remain in effect.


Signed: August 23, 2021


W. Carleton Metcalf
United States Magistrate Judge