UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-119-MOC-WCM

| | | |
|---|---|---|
| **ANGELA SUE LIVELY, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ROGER LANE REID, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation (M&R) issued in this matter (#57) and on Plaintiff's Objections to the M&R (#58).

### I. BACKGROUND

This action arises out of a motor vehicle accident that occurred on March 15, 2018, when a vehicle operated by Defendant Roger Reed and owned by Reed's Auto collided with a vehicle operated by Angela Lively while traveling west on Interstate 26 in Buncombe County, North Carolina. Following the March 15, 2018, accident that is the subject of this lawsuit, Plaintiff Angela Lively was treated by multiple health care providers associated with Complete Care Centers, LLC ("Complete Care"). (Doc. No. 50-1, ¶ 4).

The Court held a status conference on June 15, 2021, to discuss outstanding discovery issues. Following the status conference, the Court entered an Order on June 15, 2021, directing the parties to file an Omnibus Motion addressing the discovery disputes raised in the parties' Joint Memorandum on or before June 23, 2021. (Doc. No. 39). In its Order, the Court further directed Plaintiffs to file, "if necessary, a separate motion addressing Plaintiffs' 'Issue 4: Improper Issuance of a Subpoena under Rule 45.'" (Doc. No. 39).

1

On June 23, 2021, Plaintiffs filed a Motion for Sanctions against Defendants premised upon an alleged ex parte communications and a subpoena and Notice of Deposition sent to outside counsel for one of Plaintiff Angela Lively's treating physician practices. On July 14, 2021, the Court held a hearing on the outstanding discovery issues as well as Plaintiffs' Motion for Sanctions. In an August 23, 2021, Memorandum and Recommendation ("M&R"), Judge Metcalf recommended denying Plaintiffs' motion in its entirety. (Doc. No. 57). Plaintiffs filed their objection to the M&R on September 7, 2021. (Doc. No. 58).

## II. STANDARD OF REVIEW AND DISCUSSION

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

Under this Court's caselaw, "merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant de novo review" by the district court. North

Carolina ex rel. Bishop v. Cnty. of Macon, 809 F. Supp. 2d 438, 442 (W.D.N.C. 2011), aff'd in part, vacated in part, remanded sub nom. Bishop v. Cnty. of Macon, 484 Fed. Appx. 753 (4th Cir. 2012); accord Betancourt v. Ace Ins. Co. of Puerto Rico, 313 F. Supp. 2d 32, 34 (D.P.R. 2004) ("The objections presented, however, are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge."). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." Lesser v. TD Bank NA, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020).

Here, Plaintiffs' Motion for Sanctions was premised on an alleged ex parte subpoena and Notice of Deposition allegedly served by Defendants upon Attorney Rosenberg, as well as alleged ex parte communications between Defendants and representatives of Complete Care. In their June 23, 2021, brief in support of their Motion for Sanctions, Plaintiffs argued that (1) Defendants failed to comply with the service requirements for subpoenas in Federal Rule of Civil Procedure 45(a)(4) and Local Rule 45.2; and (2) Defendants' communications with outside counsel Attorney Rosenberg were improper ex parte communications with a plaintiff's nonparty treating physician under the North Carolina Supreme Court's decision in Crist v. Moffatt, 326 N.C. 326, 389 S.E.2d 41 (1990) and various North Carolina State Bar ethics opinions.

In his M&R, Magistrate Judge Metcalf determined that (1) defense counsel neither intended nor attempted to serve active, enforceable subpoenas upon Complete Care on May 25 or 26; and (2) defense counsel's challenged communications with Attorney Rosenberg were not prohibited by Crist because Crist was inapplicable to these circumstances. (Doc. No. 57).

Plaintiffs' Objection to the M&R contains nothing more than a recapitulation of the arguments already considered and rejected by Magistrate Judge Metcalf. Rather than lodging

3

specific, targeted objections to particular aspects of the M&R, Plaintiffs lodge their disagreement with the ultimate conclusions of the Magistrate, rehashing their earlier arguments in the process. Therefore, the Court must review the M&R only for clear error.

Here, the magistrate judge did not commit clear error in denying the motion for sanctions.[1] To the contrary, the magistrate judge correctly found that Defendants did not violate any requirements of Rule 45 of the Federal Rules of Civil Procedure or Local Rule 45.2. The magistrate judge also correctly found that defense counsel's communications with Attorney Rosenberg were proper and not prohibited by the North Carolina Supreme Court's decision in Crist v. Moffat, and its progeny. Finally, and generally, the magistrate judge correctly found that sanctions are not warranted. Therefore, Plaintiffs' objection is overruled, and the memorandum and recommendation is affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Objection (#58) is **OVERRULED**, the Memorandum and Recommendation (#57) is **AFFIRMED,** and Plaintiffs' Motion for Sanctions (#42) is **DENIED.**

Signed: September 30, 2021

Max O. Cogburn Jr
United States District Judge

---

[1] Even if the review were de novo, the Court would overrule the objections and affirm the magistrate judge's Memorandum and Recommendation.